Alexander Berman, J.
In this CPLR article 78 proceeding, petitioners seek judgment vacating respondent, police commissioner’s order dated August 18, 1975 denying exemption for certain unloaded muzzle-loading revolvers which load through the front end of the cylinder of such guns and enjoining respondent from acting in furtherance of such directive.
By virtue of chapter 986 of the- Laws of 1974, section 265.00 *629 of the Penal Law was amended to exempt from designation as a prohibited weapon certain antique firearms. The pertinent subdivisions read as follows:
"3. 'Firearm’ means any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person, except an antique ñrearm.
"14. 'Antique firearm’ means: Any unloaded muzzle loading pistol or revolver with a matchlock, flintlock, percussion cap, or similar type of ignition system, or a pistol or revolver which uses fixed cartridges which are no longer available in the ordinary channels of commercial trade.” (Emphasis supplied.)
The specific issue involved in this proceeding is whether a so-called antique revolver which is loaded from the front end of the cylinder which holds the ammunition is a muzzle-loading weapon as intended under the exemption statute, subdivision 14 of section 265.00 of the Penal Law. Petitioners contend that the latter weapon is exempt and therefore, no license is needed to possess the same. Respondent disagrees and contends that the cylinder loading type of gun was not intended to be exempt pursuant to said subdivision 14.
On August 18, 1975, respondent promulgated a directive to all firearms dealers of Nassau County, as follows:
"The firearms in question are black powder replica revolvers which when loaded are capable of firing six shots in rapid succession. One of the requirements of the Antique Law that is not complied with by these weapons is the 'muzzle-loading’ aspect which means the firearm must be loaded only through the muzzle end of the barrel where the projectile exits * * *
"Firearm dealers failing to comply with this law and all laws relating to the sale of firearms will be forthwith arrested. Persons who have made purchases of these firearms under the belief that they were exempt as antiques will be permitted to bring the weapons to the Pistol License Section of the Records Bureau, Nassau County Police Headquarters, 1490 Franklin Avenue, Mineóla, New York, for inspection as to its category at any time prior to September 15, 1975.”
Petitioners argue that no antique revolver was ever loaded through the muzzle end of the barrel where the projectile exits, and that only rifles were ever so loaded. Therefore, petitioners contend it is logical to assume that the Legislature, in granting the exemption intended same to apply to a gun *630 loaded through the front end of the chambers of the cylinder located at the rear end of the barrel. They submit affidavits of alleged experts who assert that no hand-guns were ever manufactured which loaded through the barrel, and that the antique guns so loaded are actually labled as muzzle-loading. Ergo, they say, it was the intention of the Legislature to exempt antique guns loaded from the front end of the cylinder.
Both sides concede that the weapon in question is capable of serious injury and death. In fact, the papers in support of the petition disclose that the weapon sought to be exempt is a duplicate of a Colt Model 1851 revolver issued to the armed forces at that time.
Petitioners would have the court believe that the Legislature intended something other than that which the plain language of the statute says. It appears to the court that if the Legislature intended the exemption to apply to a revolver which is loaded from the front end of the cylinder, it would have said so. It may be true that the Legislature was not aware of the fact that there never was any revolver which was actually so loaded through the gun barrel, but whether or not they were mistaken in their belief that such a type of revolver existed, one may not therefore conclude that it intended the exemption to apply to a cylinder-loaded gun. Any doubt about the meaning of this statute should be resolved by the affidavit of John K. Mountford, former counsel to the Assembly Majority Leader in 1974, annexed to the respondent’s papers, in which he states that he was the principal draftsman of this amendment, and that it was his understanding, "that a muzzle-loading revolver is one which is loaded at the end of the barrel or muzzle and not the front of the cylinder and that the loading of the revolver takes place at the end in which the projectile exits.”
The interpretation of the exemption statute urged by petitioners would place in the hands of all persons possessing the means to purchase same, including thugs and other law breakers, as well as potential murderers, a weapon capable of firing six shots in rapid succession. It is hardly conceivable that the Legislature in this era of rising crime, violence and attempted assassinations with the use of hand-guns intended to relax control over such lethal weapons.
Accordingly, it is the court’s determination that the commissioner’s directive of August 18, 1975, is a valid and proper *631 exercise of his authority for which he should be commended. He has properly exercised his duties in the interest of public safety.
The judgment to be entered herein shall provide for the vacating of the stay heretofore granted.